1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ON BEHALF OF THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION AND THE UNITED STATES DEPARTMENT OF THE INTERIOR; THE STATE OF WASHINGTON THROUGH THE WASHINGTON STATE DEPARTMENT OF ECOLOGY; MUCKLESHOOT INDIAN TRIBE; SUQUAMISH INDIAN TRIBE OF THE PORT MADISON RESERVATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| GENERAL RECYCLING OF WASHINGTON, LLC; THE DAVID J. JOSEPH COMPANY; NUCOR STEEL SEATTLE, INC., | )<br>)<br>) |
| Defendants. | ) |

Case No. 2:24-cv-329-BJR

CONSENT DECREE

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

1

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

## TABLE OF CONTENTS

I.      INTRODUCTION   ................................................................. 4

II.     BACKGROUND ..................................................................... 5

III.    JURISDICTION AND VENUE ……………………………….    11

IV.     PARTIES BOUND  ...................................................   11

V.      DEFINITIONS ……………………………………………    12

VI.     GENERAL PROVISIONS  …………………………………    16

VII.    RESTORATION PROJECT ....………………………………..    18

VIII.   ACCESS TO INFORMATION AND PROJECT SITE ……………..    33

IX.     SELECTION OF CONTRACTORS ………………………………..    35

X.      REIMBURSEMENT OF RESTORATION IMPLEMENTATION

        COSTS ………………………………………………………    36

XI.     PAST ASSESSMENT COST REIMBURSEMENT ……………………    37

XII.    INTEREST ON LATE PAYMENTS ……………………………    39

XIII.   DISPUTE RESOLUTION …………………………………..    39

XIV.    STIPULATED PENALTIES ……………………………………    42

XV.     FORCE MAJEURE ……………………………………………    46

XVI.    INDEMNIFICATION; INSURANCE ……………………………    49

XVII.   COVENANT NOT TO SUE BY PLAINTIFFS ……………………… 51

XVIII.  RESERVATIONS OF RIGHTS ……………………………………    52

XIX.    COVENANT NOT TO SUE AND RESERVATIONS OF RIGHTS
        BY DEFENDANT  …………………………….    53

XX.     EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION ……….    54

XXI.    RETENTION OF RECORDS …………………………………… .. 56

XXII.   NOTICES AND SUBMISSIONS …………………………………    58

XXIII.  EFFECTIVE DATE ……………………………………………... 61

XXIV.   RETENTION OF JURISDICTION ………………………………...    61

XXV.    INTEGRATION/APPENDICES ……………..……………………    62

XXVI.   MODIFICATION …………………………………………………    62

XXVII.   ENFORCEMENT .......................................................................63

XXVIII.   26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION .................. 63

XXIX.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ........... 64

XXX.   SIGNATORIES/SERVICE ...................................................... 64

XXXI.   FINAL JUDGMENT ............................................................ 65

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

3

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

# I. INTRODUCTION

The United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior ("DOI"); the State of Washington (the "State") through the Washington State Department of Ecology; the Suquamish Indian Tribe of the Port Madison Reservation ("Suquamish Tribe"); and the Muckleshoot Indian Tribe (collectively, "Plaintiffs"), have filed a complaint in this case against Defendants General Recycling of Washington, LLC ("General Recycling"), The David J. Joseph Company ("DJJ"), and Nucor Steel Seattle, Inc. ("Nucor Steel Seattle") (collectively, "Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607; the Model Toxics Control Act ("MTCA"), RCW 70A.305; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b)(2)(A) for Covered Natural Resource Damages as a result of releases of hazardous substances and discharges of oil into the Lower Duwamish River ("LDR") and/or Elliott Bay (as defined below) from the facility identified in Appendix A to this Consent Decree. The Lower Duwamish River is an urban waterway in and near Seattle, Washington which flows into Elliott Bay and has been subject to considerable levels of industrial use throughout its history and into the present. This Consent Decree (the "Decree") resolves the claims asserted in the Complaint against the Defendants including claims for Covered Natural Resource Damages.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

4

## II. BACKGROUND

A.      The National Oceanic and Atmospheric Administration; the United States Department of the Interior; the Washington State Department of Ecology on behalf of the State of Washington; the Suquamish Tribe; and the Muckleshoot Indian Tribe (collectively, "the Trustees" and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006(b) of OPA, 33 U.S.C. § 2706(b), 40 C.F.R. Part 300, subpart G, and RCW 70A.305.040(2), serve as trustees for natural resources for the assessment and recovery of damages for injury to, destruction of, or loss of natural resources and related resource services under their trusteeship.

B.      Investigations conducted by the Trustees and others detected hazardous substances and oil in the surface water, sediments, soils and groundwater of the Lower Duwamish River, including but not limited to, arsenic, antimony, cadmium, chromium, copper, mercury, nickel, lead, zinc, bis(2-ethylhexyl) phthalate, hexachlorobenzene, hexachlorobutadiene, tributyltin ("TBT"), polychlorinated biphenyls ("PCBs"), and polycyclic aromatic hydrocarbons ("PAHs"). Overall, the Trustees documented the presence of over thirty (30) hazardous substances in the sediments of the LDR.

C.      The Trustees began assessing damages to natural resources in the LDR in 1990 by finding that hazardous substances and oil had been released into the LDR; that natural resources had likely been injured by the releases; that data sufficient to pursue a natural resource damage assessment were available or could likely be obtained at a reasonable cost; and that,

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

5

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

without further action, future response activities would not adequately remedy the resource injuries. *See, e.g.*, NOAA, Lower Duwamish River Sediment Characterization Study Report (Dec. 10, 1998), Elliott Bay Trustee Council, Pre-Assessment Screen for LDR (December 2009), NOAA, Final Lower Duwamish River NRDA Restoration Plan and Programmatic Environmental Impact Statement (July 2013), and Final Lower Duwamish River NRDA: Injury Assessment Plan (March 2019).

D.      Although the Trustees have initiated, but not yet completed a natural resource damage assessment for the LDR, the Trustees nonetheless developed and analyzed information sufficient to support settlements that are fair, reasonable, and in the public interest.

E.      In settlement of this action, Defendants agree, in lieu of and as equivalent to monetary damages, to construct, develop, monitor, and maintain a habitat restoration project ("Project"), located along the LDR at 4260 West Marginal Way Seattle, WA 98106-1210 (Parcel #s 7666703540, 7666703630, 1824049018), as described in the Scope of Work attached hereto as Appendix B.

F.      General Recycling has owned and operated the facility located at 4260 West Marginal Way Seattle, WA 98106-1210 (Parcel #s 7666703540, 7666703630, 1824049018), identified in Appendix A, from about 2002 to the present. General Recycling is wholly owned by Nucor Steel Seattle, which is involved in and controls operations at the facility. DJJ conducted scrap metal operations at the facility between about 2000 and 2009. Historically, this facility has been used for various activities including scrap metal storage, steel fabrication, log

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                                    6                          U. S. DEPARTMENT OF JUSTICE
                                                                                              Environment and Natural Resources Division
                                                                                              7600 Sand Point Way NE
                                                                                              Seattle, WA  98115
                                                                                              (202) 532-3258

and container handling and storage, tug and barge maintenance, and others. The activities at the facility resulted in discharges of oil and the release of hazardous substances, including but not limited to, PAHs, PCBs, mercury, TBT, phenols, and phthalates.

G.     Plaintiffs allege in the Complaint that Defendants own or operate, and/or owned or operated at the time of the disposal of hazardous substances to the LDR, the facility identified in Appendix A within the meaning of 42 U.S.C. § 9607 and RCW 70A.305.040. Plaintiffs allege that hazardous substances have been released and oil discharged to the LDR from the facility owned and/or operated by Defendants and as identified in Appendix A. The alleged discharges were to "navigable waters" or "adjoining shorelines" within the meaning of Section 1002(a) of OPA, 33 U.S.C. § 2702(a), and Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3). Plaintiffs also allege that investigations have detected hazardous substances in soils, surface water, groundwater and/or sediments on or in the facility, and some of these same hazardous substances are found in the surface water and sediments of the LDR. Plaintiffs further allege that hazardous substances released and oil discharged to the LDR from the facility owned and/or operated by Defendants have caused injury to, destruction of and loss of natural resources in the LDR under Plaintiffs' trusteeship, including fish, shellfish, birds, surface water and sediments, and resources of cultural significance. Plaintiffs allege that each of them and the public have suffered the loss of natural resource services (including ecological services as well as direct and passive human-use losses) as a consequence of those injuries.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

7

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

H.    To facilitate resolving natural resource damage claims, relying upon the results of

remedial investigations, regulatory standards, and scientific literature, the Trustees developed an

estimate of the amount of injury to natural resources that had occurred as a result of releases of

hazardous substances and discharges of oil to the LDR. The Trustees quantified the effects of the

injuries in terms of the losses of ecological services over affected areas of the LDR and over

time, discounted to a present value. Plaintiffs used the term discounted service acre-years

("DSAYs") to describe both the scale of the injuries, and the amount of habitat restoration they

are seeking to compensate for the injuries. At this time, for purposes of early settlements,

including this Consent Decree, the Trustees' total estimated DSAY number for the LDR is 5,278.

I.    Plaintiffs assert that hazardous substance releases and oil discharges to the LDR

have become dispersed and commingled to the extent that the effects of releases or discharges of

one Potentially Responsible Party ("PRP") cannot be readily distinguished from another's.

Plaintiffs further assert that the circumstances of the LDR contamination make all PRPs who

contributed to the contamination jointly and severally liable for all injuries to natural resources

that have resulted from the contamination. As a consequence, Plaintiffs assert the right to recover

for damages and associated damage assessment costs from any Lower Duwamish River PRP.

Without prejudice to their position and solely for purposes of facilitating early settlements with

individual PRPs, the Trustee Council developed a streamlined process for allocating natural

resource damages liability among the PRPs. Plaintiffs determined that settling with Defendants

for a portion of the natural resource damages attributable to all LDR sources would result in a

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

fair and equitable resolution of Plaintiffs' claims. Taking into consideration prior settlements with other PRPs who bore some liability for hazardous substance contamination of the LDR and releases of hazardous substances and oil by non-settling parties, Plaintiffs have agreed to settle their claims against Defendants as provided in this Consent Decree. Plaintiffs determined, based on the facts regarding Defendants' ownership and operations and other equitable factors, that Defendants account for 158.6 of the total estimated DSAYs for the LDR. By resolving Defendants' alleged liability in this Consent Decree, the restoration described in the attached Scope of Work provides substantial benefits to natural resources earlier than otherwise would be realized, thereby allowing for earlier recovery of natural resources in the LDR. The Trustees determined that the Project, as described in this Consent Decree, will provide sufficient restoration value to compensate for Defendants' alleged liability. The nearly three-acre Project will restore marsh, riparian, intertidal, and subtidal habitats to support juvenile salmon and other injured resources in a high-priority area of the river. The project is configured to optimize critical off-channel habitat for salmonids and other fish species to feed and rest, and riparian habitat for birds to nest and forage.

J.      Defendants deny all or portions of the allegations of the Complaint and all or portions of the allegations contained in Paragraphs F through I of this Section. Defendants do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint or in this Consent Decree.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

9

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

K.      Plaintiffs and Defendants (collectively, the "Parties" and, individually, a "Party") agree that neither Plaintiffs nor any Defendant will use this settlement (including the terms of this Decree and the basis for the compromise contained in other documents filed in this action in support of this Decree) in any other forum, whether in litigation, administrative proceedings, formal or informal negotiations, or otherwise, to resolve, attempt to resolve, or in any way influence the resolution of, other claims between Plaintiffs and any Defendant in the LDR (as defined below); provided, however, that this provision does not limit Plaintiffs or Defendants from using otherwise available factual information referenced in documents filed in support of this Decree. The restriction in the preceding sentence applies to, but is not limited to, claims other than Covered Natural Resources Damages that the United States (on behalf of the United States Environmental Protection Agency) and the State may have against any Defendant under CERCLA, the Solid Waste Disposal Act (as amended by the Resource Conservation and Recovery Act), 42 U.S.C. § 6901 et seq., or MTCA in the LDR.

L.      The Parties agree, and this Court by entering this Consent Decree finds, that this Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, that this Decree will expedite the restoration and protection of natural resources at and near the Lower Duwamish River and Elliott Bay, that the timely implementation of the Project and payments to be provided under this Decree constitute appropriate actions necessary to protect and restore the natural resources allegedly injured by releases or threatened releases of hazardous substances or discharges of oil,

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                                10

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

that such timely actions and expenditures are adequate to redress Defendants' alleged liability for

the Covered Natural Resource Damages that are the subject of this proceeding, and that this

Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged and Decreed:

### III. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331, 1345 and l367, 42 U.S.C. § 9613(b), and 33 U.S.C. § 2717(b). The Court has

personal jurisdiction over the Parties. Solely for the purposes of this Decree and the underlying

Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the

Court or to venue in this District. The Parties shall not challenge the terms of this Decree or this

Court's jurisdiction to enter and enforce this Decree.

### IV. PARTIES BOUND

2.      This Decree is binding upon the United States, the State, the Suquamish Tribe, the

Muckleshoot Indian Tribe, and upon Defendants and their successors and assigns. Any change in

ownership or corporate or other legal status, including but not limited to any transfer of assets or

real or personal property, shall in no way alter the status or responsibilities of any Defendant

under this Decree.

3.      Defendants shall provide a copy of this Consent Decree to each contractor hired

by Defendants to perform any of the work required by this Consent Decree, and to each person

representing Defendants with respect to any such work, and shall condition all future contracts

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                     11                     U. S. DEPARTMENT OF JUSTICE
                                                              Environment and Natural Resources Division
                                                                         7600 Sand Point Way NE
                                                                           Seattle, WA  98115
                                                                            (202) 532-3258

entered into by Defendants hereunder upon performance of the work in conformity with the terms of this Consent Decree. Defendants or their contractors shall provide written notice of the Consent Decree to all subcontractors hired by Defendants' contractors to perform any portion of the work. Defendants shall nonetheless be responsible for ensuring that all work performed by their contractors and subcontractors is performed in accordance with this Consent Decree.

## V.  DEFINITIONS

4.      Unless otherwise expressly provided, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA have the meanings assigned to them in CERCLA or in such regulations. Whenever the terms listed below are used in this Decree or in any attached appendix, the following definitions will apply:

a.      "Adaptive Management" and "Adaptive Management Plans" shall have the meaning as defined in Appendix B.

b.      "As-built Drawings" means the set of drawings submitted by Defendants upon completion of the Project, which will reflect all changes made in the specifications and working drawings during the construction process, and show the dimensions, geometry, and location of all elements of the work completed pursuant to Appendix B.

c.      "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

12

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

d.      "Consent Decree" or "Decree" means this Consent Decree and all attached appendices identified in Section XXV (Integration/Appendices), and any final plans approved hereunder.

e.      "Construction Completion Date" means the date of the Trustees' Notice of Approval of Completion of Construction pursuant to Paragraph 11.

f.      "Contingency Measures" shall have the meaning set forth in Appendix B.

g.      "Covered Natural Resource Damages" means damages, including costs of damage assessment, recoverable under Section 107 of CERCLA, 42 U.S.C. § 9607; Chapter 70A.305 RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002 of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b), and any other statutory or common law, for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources, including, but not limited to: (i) the costs of assessing such injury, destruction, or loss or impairment of Natural Resources; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost Natural Resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, impairment, diminution in value, or loss of use of natural resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15, and applicable State or tribal law, resulting from releases of hazardous substances or discharges of oil to the LDR and/or Elliott Bay, or adjoining shorelines, where such release or discharge occurred on or before the Effective Date of this Consent Decree, at or from the facility identified in Appendix A. Damages, injury to,

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

13

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

destruction of, loss of, loss of use of, or impairment of Natural Resources resulting from releases of hazardous substances or discharges of oil originating from Defendants' operations or activities outside of the facility identified in Appendix A are not included in Covered Natural Resource Damages, even if those hazardous substances or discharges of oil reach the LDR and/or Elliott Bay by flowing over, under, or through any portion of the facility identified in Appendix A.

h.      "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period of time will run until the close of business of the next working day. "Working day" means a day other than a Saturday, Sunday, or federal holiday.

i.      "Defendants," and individually "Defendant," means General Recycling of Washington, LLC, the David J. Joseph Company, and Nucor Steel Seattle, Inc.

j.      "Discounted Service-Acre Year" or "DSAY" means the amount of a specific suite of ecological services determined to be produced per acre of a given type of habitat over a period of years, the total of which are discounted to a present value.

k.      "Effective Date" shall have the meaning set forth in Section XXIII.

l.      "Elliott Bay" means any portion of Elliott Bay (including the shoreline, intertidal and subtidal areas, tributaries, estuaries and bottom sediments) in the State of Washington where hazardous substances originating from the facility identified in the definition of Covered Natural Resource Damages and Appendix A have come to be located.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

14

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

m.      "Final Design Package" means the package submitted by Defendants to the Trustees including the final design and specifications for all Project elements, as described in Section 9.1 of Appendix B.

n.      "Lower Duwamish River" or "LDR" means any portion of the Duwamish Waterway (including the shoreline, intertidal areas, tributaries, estuaries and bottom sediments) in the State of Washington where hazardous substances originating from the facility identified in the definition of Covered Natural Resource Damages and Appendix A have come to be located. The LDR includes the in-waterway portions of three Superfund Sites: the Harbor Island Superfund Site (located south of downtown Seattle, Washington, including the East Waterway and West Waterway that flow from the south end of Harbor Island north to Elliott Bay), the Lower Duwamish Waterway Superfund Site (approximately five miles of the Duwamish River from the southern tip of Harbor Island south to the area around the Norfolk Combined Sewer Overflow/Storm Drain in Tukwila, Washington), and the Lockheed West Superfund Site (areas in and around the site formerly known as Lockheed Shipyard No. 2, located near the confluence of the West Waterway and Elliott Bay).

o.      "MTCA" means the Model Toxics Control Act, Chapter 70A.305 RCW.

p.      "Natural Resources" means that definition as provided in 42 U.S.C. § 9601(16).

q.      "Parties" means the United States, the State of Washington, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendants.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

15

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

r.      "Plaintiffs" means the United States, the State of Washington, the Suquamish Tribe, and the Muckleshoot Indian Tribe.

s.      "Project" means all the work and other commitments as described in Appendix B.

t.      "Project Site" means the area outlined for the Project in Appendix B.

u.      "Stewardship" means actions required by Defendants pursuant to Paragraph 14 of this Consent Decree intended to preserve, protect, or maintain the Project and the Project Site as identified in Appendix B, including (a) maintaining, restoring, or replacing the ecological function of the Project; and (b) maintaining, restoring, or replacing physical components of the Project.

v.      "Success Criteria" are the standards for performance of the Project as specified in the Scope of Work attached as Appendix B.

w.      "Trustees" means the National Oceanic and Atmospheric Administration; the United States Department of the Interior; the Washington State Department of Ecology, on behalf of the State of Washington; the Suquamish Tribe; and the Muckleshoot Indian Tribe.

x.      "United States" means the United States of America and each department, agency and instrumentality of the United States, including the United States Department of Commerce and the United States Department of the Interior.

## VI. GENERAL PROVISIONS

5.      This Decree is not, and shall not be construed to be, a permit issued pursuant to any law. All activities undertaken by Defendants pursuant to this Decree shall be performed in

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

16

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

accordance with the requirements of all applicable laws and permits. Where any portion of the activities undertaken pursuant to this Decree requires a federal, state, or local permit or approval, Defendants shall submit timely and complete applications and take all other actions necessary to obtain such permits or approvals. Defendants may seek relief under the provisions of Section XV (Force Majeure) for any delay in or prevention of the performance of the obligations of this Decree resulting from a failure to obtain, or a delay in obtaining, any federal or state permit or approval required for such performance, including but not limited to the deadlines set forth in Paragraph 10 and in Appendix B, provided that it has submitted timely and complete applications and taken all other actions necessary to obtain all such permits or approvals.

6.      Defendants shall ensure that all work performed under this Decree shall be conducted as set forth in the Scope of Work attached as Appendix B hereto to achieve the objective of constructing and maintaining the Project to meet the Success Criteria identified in Appendix B. If the Trustees determine that Defendants are not complying with the requirements set forth in the Decree, including Appendix B, the Trustees shall provide written notice to Defendants specifying the basis for their determination of noncompliance. Defendants may correct the noncompliance or invoke the dispute resolution procedures set forth in Section XIII. The Trustees may require Defendants to take actions to alter, suspend, or cease ongoing activities, and to alter, postpone, or refrain from taking proposed actions, as are necessary to ensure compliance with the terms of this Decree and any plans or proposals adopted hereunder.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

17

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

If Defendants dispute any such requirements imposed by the Trustees, Defendants may invoke the dispute resolution procedures set forth in Section XIII.

7.      Plaintiffs do not, by their consent to the entry of this Decree, warrant or aver in any manner that Defendants' compliance with this Decree will result in compliance with CERCLA or any other law. The Parties agree that Defendants are responsible for complying with all applicable federal, state, tribal and local laws, regulations, and permits.

8.      All approvals and disapprovals made by the Trustees under this Consent Decree shall be communicated to Defendants by one of the Trustees on behalf of all the Trustees. Except as specifically provided otherwise herein, all such communications shall be in writing (including electronic writing) and shall indicate that the communication is on behalf of all Trustees.

## VII. RESTORATION PROJECT

9.      Defendants shall fund and perform all activities for the Project in accordance with the terms set out in the Scope of Work for the Project attached as Appendix B.

### Design and Construction Activities for the Project

10.      Construction Schedule and Contingencies.

a.      After completion of necessary design work for the Project, including timely submission of design packages to the Trustees for review as described in Appendix B, and after the Trustees' approval in writing of the Final Design Package for the Project, Defendants shall commence construction on the Project in accordance with the schedule set forth in Table 4 of Appendix B.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

18

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

b.      Defendants shall complete construction of the Project within three years after the Effective Date of this Decree. If Defendants have not completed construction of the Project within twelve months of the deadline identified in this Paragraph 10(b), then Defendants shall either (i) pay to the Trustees the sum of $300,000 as compensation for the additional delay in restoration of Natural Resources, or (ii) perform additional restoration work outside of the Project Site agreed upon in writing by Defendants and the Trustees. For each subsequent twelve-month period in which Defendants have not completed construction of the Project, Defendants shall either (i) pay to the Trustees the sum of $300,000 as compensation for the additional delay in restoration of Natural Resources, or (ii) perform additional restoration work outside of the Project Site agreed upon in writing by Defendants and the Trustees. Defendants' obligations under this subparagraph are in addition to any other obligations or applicable penalties under this Decree, including Section XIV (Stipulated Penalties).

11.      Within sixty (60) days after completion of all construction, installation or enhancement activities for the Project, pursuant to the approved Final Design Package, such that the Project has been placed in operation and is expected to perform and function as designed, Defendants shall submit As-Built Drawings with a written Notice of Completion of Construction to the Trustees, as more thoroughly described in Appendix B. The Trustees shall review the results of the development of the Project to determine whether the Project has been constructed in accordance with, and as designed to meet the Success Criteria set forth in Appendix B. Within sixty (60) days after receiving the Notice of Completion of Construction, the Trustees shall

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

19

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

submit to Defendants either (a) a written notice identifying specific deficiencies the Trustees determine must be satisfied for the Project to be completed in accordance with Appendix B (Notice of Deficiencies); or (b) a written notice of the Trustees' determination that the Project has been so completed (Notice of Approval of Completion of Construction). Within sixty (60) days of receipt of a Notice of Deficiencies, or as otherwise agreed to in writing by the Trustees, Defendants shall correct the identified deficiencies and complete the Project in accordance with Appendix B, and submit to the Trustees an amended Notice of Completion of Construction for review and response in accordance with this Paragraph. Any delay in completing construction of the Project as a result of the operation of this Paragraph shall not in and of itself constitute grounds for relief from the requirement to pay compensation under Paragraph 10(b) of this Section or stipulated penalties under Section XIV for compliance delays.

**Initial Maintenance and Monitoring of the Project**

12.    Concurrent with the submission of the Final Design Package for the Project, Defendants shall develop and submit to the Trustees for their review and approval a Maintenance and Monitoring Plan, as further described in Section 7 of Appendix B, to monitor and maintain the vegetation and habitat of the Project and ensure the project overall meets the Success Criteria set forth in Appendix B for a period of ten (10) years from the Construction Completion Date of the Project, including any needed Contingency Measures or Adaptive Management Plans as directed by the Trustees (and defined in Appendix B). Upon completion of this ten-year initial maintenance and monitoring period for the Project, Defendants shall provide written Notice of

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

20

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Completion of Initial Maintenance and Monitoring Obligations to the Trustees in accordance with Section XXII (Notices and Submissions). Within forty-five (45) days after receiving the Notice of Completion of Initial Maintenance and Monitoring Obligations, the Trustees shall submit to Defendants either (a) a written notice identifying specific deficiencies the Trustees determine must be satisfied for the initial maintenance and monitoring obligations to be completed in accordance with Appendix B (Notice of Deficiencies); or (b) a written notice of the Trustees' determination that the initial maintenance and monitoring obligations are completed (Approval of Completion of Initial Maintenance and Monitoring Obligations). In the event the Trustees identify, in a Notice of Deficiencies, specific deficiencies with Defendants' compliance with its obligations, Defendants shall correct the identified deficiencies and complete the Project in accordance with Appendix B.  Within sixty (60) days of Defendants' receipt of a Notice of Deficiencies from the Trustees, or as otherwise agreed to in writing by the Trustees, Defendants shall complete all corrective actions and submit to the Trustees an amended Notice of Completion of Initial Maintenance and Monitoring Obligations for review and response in accordance with this Paragraph. The date of the Trustees' Approval of Completion of Initial Maintenance and Monitoring Obligations for the Project shall constitute the "Initial Maintenance and Monitoring Obligations Completion Date."

**Stewardship of the Project**

13.    In order to achieve permanent preservation of the Project Site, and all ecological functions provided by the Project be maintained in perpetuity, Defendants shall ensure

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

21

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

conservation easements are granted and recorded for the Project Site, including obtaining

necessary agreements to grant and record such conservation easement(s) for property owned by

other parties, if any, in the form set forth in Appendix C for the Project Site, and in a form

reviewed and approved by the Trustees for property owned by any other party, and shall take all

other appropriate actions necessary to ensure that the Project Site will not be used in a manner

inconsistent with the requirements of this Decree. General Recycling shall grant and record such

conservation easements within sixty (60) days of the Construction Completion Date.

14.     Defendants shall be responsible for Stewardship of the Project, including

maintaining vegetation and other habitat attributes, controlling invasive vegetation, debris

removal, and undertaking corrective actions (e.g., restoring or replacing physical components of

the Project) to address any negative impacts to the Project that affect the ecological services

provided by the Project, as set forth more fully in Appendix B and the Stewardship Plan

approved by the Trustees. For purposes of this Decree, Defendants' responsibility for

Stewardship of the Project shall extend twenty (20) years from the Initial Maintenance and

Monitoring Obligations Completion Date, or sooner if the Trustees agree that a "force majeure"

event prevents further Stewardship. Negative impacts identified in this Paragraph include events

with a foreseeable occurrence (such as, for example, the beaching of an abandoned barge or

unauthorized human access) but do not include "force majeure" events. During year seven of the

ten-year initial maintenance and monitoring period for the Project described in Paragraph 12,

Defendants shall develop and submit to the Trustees for their review and approval a Stewardship

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                                        22                    U. S. DEPARTMENT OF JUSTICE
                                                                                      Environment and Natural Resources Division
                                                                                      7600 Sand Point Way NE
                                                                                      Seattle, WA  98115
                                                                                      (202) 532-3258

Plan, consistent with Section 8 of Appendix B. The Stewardship Plan shall include a plan for implementing Stewardship for the project over the 20-year Stewardship period pursuant to this Consent Decree.

15.     Defendants shall be responsible for continued Stewardship for the Project in accordance with Paragraph 14, even if General Recycling does not own the Project Site. The Trustees recognize that the Project Site may include property that is owned by other parties including, but not limited to, the State. Defendants recognize that they are solely responsible for securing the cooperation of all property owners in order to successfully complete and maintain the Project in accordance with this Consent Decree as more fully detailed in Appendix B. Defendants shall obtain agreements from all property owners that provides Defendants with all access necessary to fulfill Defendants' responsibilities under this Paragraph. Any inability of Defendants to successfully complete or maintain the Project in accordance with Appendix B resulting from disputes with any property owners shall not constitute a "force majeure" event.

16.     If ownership of any property within the Project Site is transferred prior to the expiration of Defendants' obligations in Paragraph 14, such transfer shall not affect or lessen Defendants' obligations under that Paragraph, or any other provision of this Decree. Defendants shall obtain an agreement from property owners that requires that, as a condition of any such transfer, the entity to which any property is transferred shall be required to provide Defendants with any access necessary to fulfill Defendants' responsibilities under this Decree and the Trustees with access consistent with Section VIII (Access to Information and Project Site) of this

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

23

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Decree. Within sixty (60) days prior to any proposed transfer of property within the Project Site, Defendants shall provide the Trustees with written notice of the proposed transfer, identifying the entity that will own the property, certifying that Defendants provided a copy of this Decree to such entity and providing a copy of the proposed access agreement for review and approval by the Trustees.

**General Project Development Provisions**

17.     Defendants shall not take any action that is inconsistent with this Decree and that would adversely affect the Project.

18.     Defendants shall undertake all activities required by applicable law to address cultural resource issues associated with the Project, including, as applicable, consultation with tribes and the Washington State Department of Archaeology and Historic Preservation, conducting a background and Project review by an archaeologist who meets the Department of the Interior's professional qualification standards at 36 C.F.R. Part 61, and conducting cultural resource surveys or monitoring activities.

19.     The Trustees may conduct additional work themselves, at their own expense, on the Project Site. If such work is conducted prior to completion of initial construction by Defendants, the Trustees will conduct any such work in a manner that does not hinder Defendants' timely completion of the Project or otherwise interfere with the performance of Defendants' obligations under this Decree. Prior to performing additional work pursuant to this

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                    24                    U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Consent Decree, the Trustees shall prepare and provide to Defendants for their approval a Health and Safety Plan.

**Financial Assurances**

20**.**   Construction of the Project**.** In order to ensure that Defendants perform their obligations under Paragraph 10 of this Decree to construct the Project, Defendants' parent company, Nucor Corporation, has executed a guarantee to construct the project in favor of the Trustees, attached at Appendix D. As set forth in Appendix D, on the first anniversary of the Effective Date, Nucor Corporation shall demonstrate its continued financial ability to guarantee these obligations by submitting to the Trustees copies of its most recent Form 10-K Annual Report. Each year thereafter until the Trustees issue a Notice of Approval of Construction Completion in accordance with Paragraph 10, Nucor Corporation shall submit its most recent Form 10-K Annual Report to the Trustees within 30 days after filing of such report. In the event the Trustees determine that the financial information available to them does not demonstrate Nucor Corporation's ability to guarantee construction of the Project, or Nucor Corporation fails to timely submit its most recent Form 10-K Annual Report to the Trustees, then Defendants shall establish and maintain financial assurance in the amount then needed to fulfill their remaining obligations to construct the Project in one or more of the mechanisms listed below, in an amount and form approved by the Trustees. Defendants may use multiple mechanisms only if the mechanisms used in combination are limited to surety bonds guaranteeing payment, letters of credit, trust funds, and/or insurance policies:

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

25

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

a.      A surety bond guaranteeing construction of the Project that is issued by a surety company among those listed as acceptable sureties on federal bonds as set forth in Circular 570 of the U.S. Department of the Treasury;

b.      An irrevocable letter of credit, payable to or at the direction of the Trustees, that is issued by an entity that has the authority to issue letters of credit and whose letter-of-credit operations are regulated and examined by a federal or state agency;

c.      A trust fund established for the benefit of the Trustees that is administered by a trustee for the fund (and where the trustee for the fund is not a "Trustee" as defined in Paragraph 4.w) that has the authority to act as a trustee for the fund and whose trust operations are regulated and examined by a federal or state agency; or

d.      A policy of insurance that provides the Trustees with acceptable rights as beneficiaries thereof and that is issued by an insurance carrier that has the authority to issue insurance policies in the applicable jurisdiction and whose insurance operations are regulated and examined by a federal or state agency.

21.     <u>Financial Assurances for Initial Maintenance and Monitoring, Adaptive Management, and Stewardship of the Project</u>. In order to ensure Defendants' completion of its initial maintenance and monitoring requirements set forth in Paragraph 12, any Adaptive Management Plans as required pursuant to Appendix B, and Stewardship requirements set forth in Paragraph 14 (for the 20-year Stewardship period pursuant to this Consent Decree), within

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

26

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

forty-five (45) days of the Trustees' authorization to commence construction on the Project pursuant to Paragraph 10 of this Decree, Defendants shall establish financial assurance mechanisms in the amounts of five hundred thousand dollars ($500,000) (initial maintenance and monitoring), four hundred thousand dollars ($400,000) (adaptive management), and five hundred seventy five thousand dollars ($575,000) (Stewardship for the 20-year period pursuant to Paragraph 14 of this Consent Decree). The financial assurance mechanisms shall be in the forms set forth in Appendices E, F, and G. Defendants shall maintain each such financial assurance mechanism until released as set forth in this Section, such that the financial assurance mechanism is legally binding and fully effective.

22.    Defendants shall diligently monitor the adequacy of the financial assurance mechanisms required by Paragraphs 20 and 21. If Defendants become aware of any information indicating that the amount, form, or terms of the financial assurance mechanisms required by Paragraphs 20 and 21 is inadequate or otherwise no longer satisfies the requirements of this Section, Defendants shall notify the Trustees of such information within seven (7) days. If the Trustees determine that the amount, form, or terms of any financial assurance mechanism required by Paragraphs 20 and 21 is inadequate or otherwise no longer satisfies the requirements of this Section, the Trustees will provide written notice to Defendants of such determination. Defendants shall, within thirty (30) days after notifying the Trustees or receiving written notice from the Trustees under this Paragraph, secure and submit to the Trustees for approval a proposal for a revised financial assurance mechanism that satisfies the requirements of this Section. The

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

27

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Trustees may extend this deadline for such time as is reasonably necessary for Defendants, in the exercise of due diligence, to secure and submit to the Trustees a proposal for a revised financial assurance mechanism not to exceed sixty (60) days. Defendants shall follow the procedures of Paragraph 23 in seeking approval of, and submitting documentation for, the revised financial assurance mechanism. Defendants' inability to secure financial assurance in accordance with this Section does not excuse performance of any other obligation under this Decree.

23.   Modification of Amount, Form, or Terms of Financial Assurance Mechanisms. Defendants may submit, on any anniversary of the Effective Date of this Decree or at any other time agreed to by the Parties, a request to reduce the amount, or change the form or terms, of the financial assurance mechanisms required by Paragraphs 20 and 21. Any such request must be submitted to the Trustees in accordance with this Section, and must include an estimate of the cost of the remaining work, an explanation of the bases for the cost calculation, and a description of the proposed changes, if any, to the form or terms of the financial assurance mechanism. The Trustees will notify Defendants in writing of their decision to approve or disapprove a requested reduction or change pursuant to this Paragraph. Defendants may reduce the amount of the financial assurance mechanism only in accordance with: (a) the Trustees' approval; or (b) if there is a dispute, the agreement or final judicial decision resolving such dispute under Section XIII (Dispute Resolution). Defendants may change the form or terms of the financial assurance mechanism only in accordance with the Trustees' approval. Any decision made by the Trustees on a request submitted under this Paragraph to change the form or terms of a financial assurance

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

28

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

mechanism shall not be subject to challenge by Defendants pursuant to the dispute resolution provisions of this Decree or in any other forum. Within thirty (30) days after receipt of the Trustees' approval of the requested modifications, or the agreement or decision resolving a dispute related to a requested reduction in amount, pursuant to this Paragraph, Defendants shall submit to the Trustees documentation of the reduced, revised, or alternative financial assurance mechanism.

24.    <u>Trustee Access to the Financial Assurance Mechanisms.</u>

a.    If the Trustees determine that Defendants have ceased, or are seriously late or deficient in performing or completing, the construction, monitoring, maintenance, Adaptive Management, and/or Stewardship obligations as set forth in this Section then, in accordance with Paragraphs 20 and 21, the Trustees are entitled to: (1) implementation or completion of the construction, monitoring, maintenance, Adaptive Management, and Stewardship obligations for the Project as set forth in this Section (and Appendix B) and/or (2) require that any funds guaranteed be paid in accordance with Paragraph 24(e).

b.    If the Trustees make such determination under Paragraph 24(a) and require that funds be paid under Paragraph 24(a)(2), the Trustees shall issue a written notice ("Access to Financial Assurance Notice") to Defendants.  Any Access to Financial Assurance Notice issued by the Trustees will specify the grounds upon which such notice was issued and will provide Defendants an opportunity to remedy the deficiencies specified in the Notice.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

29

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Defendants shall remedy, to the Trustees' satisfaction, the deficiencies set forth in the Notice within fifteen (15) days of receipt of such notice.

        i.      If Defendants have not remedied to the Trustees' satisfaction the deficiencies set forth in the Notice within fifteen (15) days of Defendants' receipt of such notice, the Trustees may at any time thereafter exercise their right of access to the financial assurance mechanism(s) required by this Section as the Trustees deem necessary to implement or complete the construction, monitoring, maintenance, Adaptive Management, and/or Stewardship obligations.

        ii.      Except as specifically provided elsewhere in this Decree, Defendants may invoke the procedures set forth in Section XIII (Dispute Resolution), to dispute the Trustees' exercise of their right of access to the financial assurance mechanism(s). However, notwithstanding Defendants' invocation of such dispute resolution procedures, and during the pendency of any such dispute, the Trustees may in their sole discretion commence and continue to exercise their right of access to the financial assurance mechanism(s) until the earlier of (1) the date that Defendants remedy, to the Trustees' satisfaction, the circumstances giving rise to the Trustees' issuance of the Access to Financial Assurance Notice, or (2) the date that a final decision is rendered in accordance with Section XIII (Dispute Resolution) requiring the Trustees to terminate such exercise of their right of access to the financial assurance mechanism(s). Following either event, the

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)
30
U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Trustees shall cease obligating any further funds from the financial assurance mechanism(s), unless the final Dispute Resolution decision allows the Trustees to continue obligating or spending funds. The Trustees shall not be required to repay any funds already obligated or spent by the Trustees.

c.      If the Trustees are notified by the agent or guarantor of a financial assurance mechanism required by this Section, that it intends to resign and/or cancel the financial assurance mechanism, and Defendants fail to provide an alternative financial assurance mechanism in accordance with Paragraph 22 at least thirty (30) days prior to the cancellation date, the funds guaranteed under such mechanism must be paid in full to the Trustees prior to cancellation in accordance with Paragraph 24(e).

d.      If, upon issuance of an Access to Financial Assurance Notice by the Trustees, the Trustees are unable for any reason to promptly secure the resources guaranteed under the financial assurance mechanism, whether in cash or in kind, to continue and complete the Project, then the Trustees are entitled to demand an amount, as determined by the Trustees, sufficient to cover the cost of the remaining work to be performed. Defendants shall, within fourteen (14) days of such demand, pay the amount demanded as directed by the Trustees.

e.      Any amounts required to be paid under this Paragraph shall be, as directed by the Trustees: (i) paid to the Trustees in order to facilitate the completion of the work by the Trustees or by another person; or (ii) deposited into an interest-bearing account, established at a

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

31

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

duly chartered bank or trust company that is insured by the FDIC, in order to facilitate the completion of the work by another person. Upon issuance of an Access to Financial Assurance Notice by the Trustees, the Trustees may use any and all funds obtained from such Access to Financial Assurance Notice to complete the obligation(s) identified in the Access to Financial Assurance Notice. In addition, the Trustees may use their own funds to complete such obligations and may seek reimbursement of any such expended funds pursuant to the provisions of Paragraph 31. For any and all work conducted by the Trustees and their contractors pursuant to this Paragraph, Defendants shall provide the Trustees and their contractors with relevant information and access to the Project Site as requested by the Trustees and their contractors.

25.    <u>Release, Cancellation, or Discontinuation of Financial Assurance Mechanisms.</u> Defendants shall not release, cancel, or discontinue the financial assurance mechanisms required by this Section, except as provided pursuant to this Paragraph and as set forth in Appendices D-G. Defendants may release, cancel, or discontinue the financial assurance mechanisms only:  (a) after the Construction Completion Date set forth in Paragraph 10(b) for the financial assurance mechanism required by Paragraph 20, after the Initial Maintenance and Monitoring Obligations Completion Date set forth in Paragraph 12 for the financial assurance mechanism required by Paragraph 21 for  initial Maintenance and Monitoring, after the date for completion of Adaptive Management Plan requirements pursuant to Appendix B for the financial assurance mechanism required by Paragraph 21 for Adaptive Management, and after the expiration of the time period set forth in Paragraph 14 for the financial assurance mechanism required by Paragraph 21 for

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

32

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Stewardship, and in accordance with the Trustees' written notice of approval of such release, cancellation, or discontinuation; or (b) if there is a dispute regarding the release, cancellation or discontinuance of any financial assurance mechanism, in accordance with the agreement or final judicial decision resolving such dispute under Section XIII (Dispute Resolution).

**Fund for Permanent Stewardship of the Project Site**

26.     Within thirty (30) days of the Effective Date of the Consent Decree, Defendants shall make a payment of five hundred thousand dollars ($500,000.00) to fund permanent stewardship of the Project. The purpose of this payment is to fund stewardship of the Project Site by the Trustees following the time period of Defendants' obligations pursuant to Paragraphs 12 (Initial Maintenance and Monitoring of the Project) and 14 (Stewardship of the Project). Defendants shall pay this amount to the United States via the payment instructions in Paragraph 32(a)(1). The funds shall be deposited in the DOI Natural Resource Damage Assessment and Restoration Fund. Defendants shall provide notice of the payment, in accordance with Section XXII (Notices and Submissions). Any funds paid pursuant to this Paragraph that are not utilized by the Trustees to fund permanent stewardship of the Project Site may be applied by the Trustees toward one or more additional habitat restoration projects in the Lower Duwamish River.

## VIII. ACCESS TO INFORMATION AND PROJECT SITE

27.     To facilitate the Trustees' oversight responsibilities, and in accordance with Appendix C, Defendants will provide the Trustees full access to the Project Site for purposes of

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

33

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

inspecting or observing Defendants' progress in implementing the Project required under this Decree.

28.     Commencing upon the date of lodging of this Decree, and in accordance with Appendix C, Defendant agrees to provide the Trustees and their contractors access at all reasonable times to the Project Site and to any property under the control of Defendants to which access is required for the oversight or implementation of this Decree. This right of access does not include a right to enter Defendants' buildings. The Trustees shall give notice prior to access. Defendants shall have the right to accompany any Trustee or its representative on the property for purposes of security at the Project Site. Each Trustee shall have the authority to enter freely and move about such property at all reasonable times and in a reasonable manner, including compliance with all safety requirements, for purposes of overseeing the requirements of this Decree, including, but not limited to:

a.     Monitoring and assessing progress on the planning, development, maintenance, and monitoring of the Project;

b.     Verifying any data or information submitted to the Trustees;

c     Inspecting and copying records, operation logs, contracts, or other documents maintained or generated by Defendants or its contractors hereafter retained to perform work undertaken pursuant to this Decree;

d.     Conducting such tests, investigations or sample collections as deemed necessary to monitor compliance with this Decree, investigate or assess contamination at or near

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                          34                  U. S. DEPARTMENT OF JUSTICE
                                                                      Environment and Natural Resources Division
                                                                      7600 Sand Point Way NE
                                                                      Seattle, WA  98115
                                                                      (202) 532-3258

the Project Site, or to assist in further identifying and quantifying natural resource injuries requiring restoration actions and in planning and carrying out further restoration actions. Defendants shall be provided with copies of all data, sampling results and reports/documentation of any tests, investigations or sampling conducted under this paragraph provided it is not otherwise privileged;

e.      Perform work at the Project Site in accordance with Paragraph 19.

29.      Plaintiffs may direct that Defendants use a camera, sound recording device, or other type equipment to record the work done under this Decree or injury to natural resources and provide copies of any such recordings to the Trustees. Defendants may retain a copy of any such recordings. Trustees may also use their own camera, sound recording device, or other equipment to record the work done under this Decree or injury to natural resources. Defendants shall be provided with a copy of any such recordings made by the Trustees provided it is not otherwise privileged.

## IX. SELECTION OF CONTRACTORS

30.      The selection of any contractor hereafter retained by Defendants to perform any of the work required under this Consent Decree shall be subject to Trustee approval. Defendants shall notify the Trustees in writing of the name, title, and qualifications of any contractor Defendants proposes to retain, and of any proposed changes in the selection of a contractor. The Trustees will notify Defendants in writing of the approval or disapproval of a proposed contractor. The Trustees' assent to the proposed selection or change of a contractor may be

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

35

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

presumed unless the Trustees notify Defendants in writing of their objection to the proposed

selection or change within thirty (30) days of Defendants' written selection notice.

## X. REIMBURSEMENT OF RESTORATION IMPLEMENTATION COSTS

31.     Defendants agree to reimburse the Trustees' costs incurred in implementing and

overseeing the Project described in Appendix B to this Decree. The period during which the

Trustees will incur implementation costs ends on the ending date of Defendants' responsibility

for Stewardship for the Project, as set forth in Paragraph 14. Defendants shall reimburse these

costs as follows: Each year, beginning on the Effective Date of this Decree, the Trustees shall

provide Defendants with an invoice detailing their costs through the prior calendar year of

implementing and overseeing the Project and provide a non-binding estimate of the Trustees'

anticipated costs for the next one-year period. Within sixty (60) days of receipt of the Trustees'

invoice, Defendants shall reimburse the Trustees for those costs. Defendants shall make all such

payments as directed by the Trustees, and provide notice of such payments, in accordance with

Section XXII (Notices and Submissions). If Defendants believe that any of the Trustees'

invoiced costs were not incurred in implementing and overseeing the Project, Defendants may

invoke the Dispute Resolution provisions of Section XIII as to the disputed costs only; any costs

for which Defendants do not invoke Dispute Resolution shall be paid within sixty (60) days of

receipt of the Trustees' invoice.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

36

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

## XI. PAST ASSESSMENT COST REIMBURSEMENT

32.     Within thirty (30) days of the Effective Date of this Decree, Defendants will pay a total of $360,558.12 for past assessment costs incurred by the Trustees through October 8, 2022 for NOAA; September 30, 2022 for DOI; and March 23, 2023 for the Suquamish Tribe, as described below.

a.     <u>Payment for Assessment Costs Incurred by the United States</u>.

(1)     Within thirty (30) days after the Effective Date, Defendants shall pay a total of $348,812.56 to the United States for assessment costs incurred by the United States. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendants by the Financial Litigation Program ("FLP") of the United States Attorney's Office for the Western District of Washington after the Effective Date. The payment instructions provided by the FLP will include a Consolidated Debt Collection System ("CDCS") number, which Defendants shall use to identify all payments required to be made in accordance with this Decree. The FLP will provide the payment instructions to:

Chris Bedell
chris.bedell@nucor.com

on behalf of Defendants. Defendants may change the individuals to receive payment instructions on their behalf by providing written notice of such change to the United States in accordance with Section XXII (Notices and Submissions).

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

37

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

(2)     Of the total amount to be paid by Defendants pursuant to this

Subparagraph 32(a)(1):

(a)     $74,117.04 shall be deposited in the DOI Natural Resource Damage Assessment

and Restoration Fund, to be applied toward natural resource damage assessment

costs incurred by DOI.

(b)     $274,695.52 shall be deposited in the NOAA Damage Assessment and

Restoration Revolving Fund, to be applied toward         natural resource

damage assessment costs incurred by NOAA.

b.     <u>Payment for Assessment Costs Incurred by the Suquamish Tribe</u>. Within thirty

(30) days after the Effective Date, Defendants shall pay a total of $11,745.56 to the Suquamish

Tribe for assessment costs incurred by the Tribe. Payment shall be made by check to the

Suquamish Tribe bearing the notation "Lower Duwamish River NRDA" and mailed to the

address as follows:

Address:     Suquamish Tribe
             Attention: Finance Director
             P.O. Box 498
             Suquamish, WA 98392

33.     <u>Payment for Interim Assessment Costs</u>. The Trustees shall provide Defendants

with a bill requiring payment of costs incurred by the Trustees after the dates identified in

Paragraph 32 through the Effective Date of the Consent Decree. Within thirty (30) days of

receiving the bill requiring payment of costs from the Trustees, Defendants shall pay the costs in

accordance with the procedures set forth in Paragraphs 32(a) & (b) and 34.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                38                U. S. DEPARTMENT OF JUSTICE
                                                   Environment and Natural Resources Division
                                                           7600 Sand Point Way NE
                                                               Seattle, WA  98115
                                                               (202) 532-3258

34.     <u>Notice of Payments</u>. At the time of each payment pursuant to Paragraphs 32 and 33, Defendants will send notice that payment has been made to the Trustees and DOJ in accordance with Section XXII (Notices and Submissions). Such notice will reference Lower Duwamish River NRDA, DOJ case number 90-11-3-07227/14 and the civil action number.

## XII. INTEREST ON LATE PAYMENTS

35.     If Defendants fail to make any payment pursuant to this Decree by the required due date, in addition to the stipulated penalties as set forth in Section XIV, interest shall be assessed at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest is the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Interest on late payments shall accrue beginning on the date of lodging of the Decree through the date on which the payment is made.

## XIII. DISPUTE RESOLUTION

36.     Unless otherwise expressly provided for in this Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.

37.     Any dispute which arises under or with respect to this Decree shall in the first instance be the subject of informal negotiations between the Trustees and Defendants. The period for informal negotiations shall not exceed twenty-one (21) days from the time the dispute arises,

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                    39                    U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

unless the parties to the dispute agree otherwise in writing. The dispute shall be considered to have arisen when the Trustees send Defendants a written notice specifying the nature of the dispute and requested relief ("Notice of Dispute") or a Defendant sends the Trustees a written Notice of Dispute.

38.     a.     If the Parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by the Trustees shall be considered binding unless, within twenty-one (21) days after the conclusion of the informal negotiation period (i.e., forty-two (42) days after the date of the Notice of Dispute) a Defendant invokes the formal dispute resolution procedures of this Section by serving on the Trustees a written Statement of Position on the matter in dispute, including, but not necessarily limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by the Defendant.

b.     Within twenty-one (21) days after receipt of a Defendant's Statement of Position, the Trustees shall serve on such Defendant their written Statement of Position, including, but not necessarily limited to, any factual data, analysis or opinion supporting that position and all supporting documentation relied upon by the Trustees. Within twenty-one (21) days after receipt of the Trustees' Statement of Position, such Defendant may submit a Reply. If such Defendant submits a Reply, within twenty-one (21) days of receipt of the Reply, the Trustees shall issue a Revised Statement of Position or provide written notice to such Defendant that the Trustees' Statement of Position is final.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                    40                    U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

c.	An administrative record of the dispute shall be maintained by the Trustees and shall contain all Statements of Position and any Reply, including supporting documentation, submitted pursuant to this Section.

d.	The Trustees' Statement of Position or Revised Statement of Position shall be binding upon such Defendant unless, within twenty-one (21) days after receipt of the Trustees' Statement of Position or Revised Statement of Position (or Notice that the Statement of Position is final), whichever is later, Defendant files with the Court and serves on the Parties in accordance with Section XXII (Notices and Submissions) a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the Parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Decree. The motion shall also include any supporting factual data, analysis, opinion, or documentation. The Trustees may file a response to Defendant's motion, and Defendant may file a reply, in accordance with the schedule set forth in the Local Rules for the Western District of Washington. The foregoing sentence notwithstanding, the Parties acknowledge that disputes may arise that require judicial resolution on an expedited basis.  In such cases, the Parties shall agree on an expedited schedule or, absent prompt agreement, any Party to the dispute may petition the Court for the imposition of an expedited schedule.

e.	The Court may rule based on the administrative record (including the Trustees' and Defendant's Statements of Position and Replies), with or without oral argument,

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

41

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

and shall review the Trustees' Statements of Position or its resolution of the dispute under the standards of the Administrative Procedure Act.

        f.      Except as expressly stated elsewhere in this Decree, any matter in dispute shall be reviewable by this Court.

39.     The invocation of formal Dispute Resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of any Defendant under this Decree, not directly in dispute, unless the Trustees or the Court agree otherwise. Stipulated Penalties with respect to the disputed matter shall continue to accrue as set forth in Paragraph 42 during the Dispute Resolution process, but payment otherwise required under Section XIV shall be stayed pending resolution of the dispute. In the event that the Defendant does not prevail on the disputed issue, Stipulated Penalties shall be assessed and paid as provided in Section XIV.

## XIV. STIPULATED PENALTIES

40.     <u>Late Payments by Defendants</u>. Defendants shall pay a stipulated penalty of $5,000 per day that each payment pursuant to Section X (Reimbursement of Restoration Implementation Costs) or Section XI (Reimbursement of Past Assessment Costs) is not made by the required due date.

41.     <u>Failure to Meet Deadlines or Satisfy Requirements of the Decree</u>. The Parties stipulate that the time period for implementing the Project is a significant factor in the settlement reached in this Decree and that delay in carrying out the activities required in this Decree may diminish the compensatory value attributable to those activities. Consequently, in the event that

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

42

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115
(202) 532-3258

Defendants fail to meet a deadline or satisfy other requirements in this Decree (subject to any modifications agreed to under Section XXIII), including those set forth in Appendix B, and any delay is not excused through operation of the provisions of Section XV (Force Majeure), then Defendants shall pay stipulated penalties per violation per day as follows:

| Period of Noncompliance | Penalty per Violation per Day |
|---|---|
| 1st through 14th day | $500 |
| 15th through 30th day | $750 |
| 31st day and beyond | $1,000 |

Nothing in this Decree prevents the simultaneous accrual of separate penalties for separate violations of this Decree. Stipulated penalties under this Paragraph are in addition to the remedies available under Paragraph 10(b) and Paragraph 24 (Trustee Access to Financial Assurance Mechanisms).

42.     All penalties shall begin to accrue on the day after the complete performance or payment is due or the day a violation occurs, and shall continue to accrue through the final day of the payment, correction of the noncompliance or completion of the activity. Following the Trustees' determination that Defendants have failed to comply with a requirement of this Decree, the Trustees shall give Defendants written notification of the same and describe the noncompliance. The Trustees shall send Defendants a written demand for the payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether the Trustees have notified Defendants of the violation.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

43

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

43.     Payments under this Section shall be made as follows: 40% of the total to the United States; 20% of the total to the State; 20% of the total to the Suquamish Tribe; and 20% of the total to the Muckleshoot Indian Tribe. All payments for stipulated penalties to the United States will be deposited by EFT to the United States Treasury in accordance with Paragraph 32(a)(1). Payments for stipulated penalties to the State or the Tribes shall be paid in accordance with the procedures set forth in Paragraph 32. At the time of each payment, Defendants will send notice that payment has been made to the Trustees and DOJ in accordance with Section XXII (Notices and Submissions). This notice will reference Lower Duwamish River NRDA, DOJ Case Number 90-11-3-07227/14, and the civil action number.

44.     All penalties accruing under this Section shall be due and payable within thirty (30) days of Defendants' receipt from the Trustees of a demand for payment of the penalties, unless a Defendant invokes the Dispute Resolution procedures under Section XIII (Dispute Resolution).

45.     Any Defendant may dispute the Trustees' right to the penalties identified under Paragraph 41 above by invoking the procedures of Section XIII (Dispute Resolution). Penalties identified for late payments under Paragraph 40 above are not subject to Section XIII (Dispute Resolution).

46.     If Defendants fail to pay stipulated penalties when due, Plaintiffs may institute proceedings in this Court to collect the penalties, as well as interest. Defendants shall pay interest

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

44

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

on the unpaid balance, which shall begin to accrue on the day after payment or complete performance is due.

47.    If Plaintiffs bring a motion to enforce this Decree and prevail, Plaintiffs shall be entitled to recover from Defendants their reasonable costs of such motion or action, including, but not limited to, costs of attorney time.

48.    Penalties shall continue to accrue as provided in Paragraph 42 during any dispute resolution period, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of the Trustees that is not appealed to this Court, accrued penalties determined to be owing shall be paid to the Trustees within fifteen (15) days of the agreement or the receipt of the Trustees' decision or order;

b.    If the dispute is appealed to this Court and the Trustees prevail in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owed to the Trustees within sixty (60) days of receipt of the Court's decision or order, except as provided in Subparagraph (c) below;

c.    If the District Court's decision is appealed by any Party, Defendants shall pay all accrued penalties determined by the District Court to be owing to the Trustees into an interest-bearing escrow account within sixty (60) days of receipt of the Court's decision or order. Penalties shall be paid into this account as they continue to accrue, at least every sixty (60) days. Within fifteen (15) days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to the Trustees or to Defendants to the extent that they prevail.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

45

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

49.     Payments made under this Section are in addition to any other remedies or sanctions available to Plaintiffs by virtue of a Defendant's failure to comply with the requirements of this Decree.

50.     Notwithstanding any other provision of this Section, Plaintiffs may, in their unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Decree. The payment of penalties shall not alter in any way any Defendant's other obligations under this Decree.

## XV. FORCE MAJEURE

51.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of any Defendant (including any Defendant's contractors and sub-contractors, and any other entity controlled by any Defendant) that delays or prevents the performance of any obligation under this Decree despite such Defendant's best efforts to fulfill the obligation. The requirement that Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and using best efforts to address the effects of any potential force majeure event (1) as it is occurring and (2) following the potential force majeure event, such that the delay is minimized to the greatest extent possible. The requirement that Defendant exercise "best efforts to fulfill the obligation" also includes, where necessary, the filing of legal actions to compel contract performance in accordance with the design and schedule approved by the Trustees herein. "Force majeure" does not include financial inability to fulfill any obligation under this Decree, events with a

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

46

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

foreseeable probability of occurrence pursuant to Paragraph 14, or the failure to achieve Success Criteria for the Project.

        a.      If any event occurs or has occurred that may delay the performance of any obligation under this Decree, whether or not caused by a force majeure event, Defendants shall notify the Trustees within fourteen (14) days of when Defendants first knew that the event might cause a delay. Within thirty (30) days after notifying the Trustees, Defendants shall provide a written explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; and the rationale for attributing such delay to a force majeure event (if a Defendant intends to assert such a claim). Defendants shall be deemed to know of any circumstance of which Defendants, any entity controlled by Defendants, or a Defendant's contractors or subcontractors knew or should have known. Defendants shall include with any notice all available documentation supporting its claim that the delay was attributable to a force majeure event. Failure to comply with the above requirements will preclude Defendants from asserting any claim of force majeure for that event, provided, however, that if the Trustees, despite the late or incomplete notice, are able to assess to their satisfaction whether the event is a force majeure event under this Paragraph, and whether Defendants exercised best efforts under this Paragraph, the Trustees may, in their unreviewable discretion, excuse in writing Defendants' failure to submit timely or complete notices under this Paragraph.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

47

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

b.      If the Trustees agree that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Decree that are affected by the force majeure event will be extended by the Trustees for such time as the Trustees determine is necessary. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If the Trustees do not agree that the delay or anticipated delay has been or will be caused by a force majeure event, the Trustees will notify Defendants in writing of their decision.

c.      If a Defendant elects to invoke the Dispute Resolution procedures set forth in Section XIII, above, regarding a claimed force majeure event, it shall do so no later than fifteen (15) days after receipt of the Trustees' notice of disagreement. In any such proceeding, Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will likely be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that the Defendants exercised best efforts to fulfill the obligation in question, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendants complied with the requirements of this Paragraph. If such Defendant carries this burden, the delay at issue shall be deemed not to be a violation by such Defendant of the affected obligation of this Decree.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

48

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

## XVI. INDEMNIFICATION; INSURANCE

52.      a.      Plaintiffs do not assume any liability by entering into this Decree. Defendants shall indemnify and hold harmless each of the Plaintiffs and/or their agents, employees and representatives from any and all damage claims or causes of action arising from negligent or other wrongful acts or omissions of Defendants and/or each of their respective officers, employees, agents, contractors, subcontractors, representatives and any persons acting on its behalf or under its control in carrying out activities pursuant to this Decree. Further, Defendants agree to pay Plaintiffs all costs Plaintiffs incur, including but not limited to attorneys' fees and other expenses of litigation and settlement, arising from or on account of claims made against Plaintiffs based on negligent or other wrongful acts or omissions of Defendants or their officers, employees, agents, contractors, subcontractors, representatives, and any persons acting on its behalf or under its control, in carrying out activities pursuant to this Decree. None of the Plaintiffs shall be held out as a party to any contract entered into by or on behalf of Defendants in carrying out activities pursuant to this Decree. Neither Defendants nor any contractor or representative of Defendants shall be considered an agent of any Plaintiff, and Defendants shall require any contractor hereafter retained by a Defendant who performs work for Defendants in carrying out activities pursuant to this Consent Decree to affirmatively acknowledge that it is not acting as an agent of any Plaintiff.

b.      Plaintiffs shall give Defendants written notice of any claim for which one or more Plaintiffs plan to seek indemnification pursuant to Paragraph 52(a), and shall consult

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

49

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

with Defendants (including, but not limited to, responding to any Defendant's reasonable requests for information regarding any proposed settlement of that claim) prior to settling such claim.

53.     Defendants waive all claims against Plaintiffs for damages or reimbursement or for set-off of any payments made or to be made to Plaintiffs, arising from or on account of any contract, agreement, or arrangement between any Defendant and any person for performance of activities pursuant to this Decree, including, but not limited to, claims on account of construction delays. In addition, Defendants shall indemnify and hold harmless Plaintiffs with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any Defendant and any person for performance of activities pursuant to this Decree, including, but not limited to, claims on account of construction delays.

54.     No later than fifteen (15) days before commencing any work on the Project Site, Defendants shall cause to be maintained comprehensive general liability insurance and automobile liability insurance with limits of $10,000,000 (ten million dollars), combined single limit. The Trustees shall be named additional insureds on any such policies with respect to all liability arising out of the activities performed by or on behalf of Defendants pursuant to this Decree. In addition, for the duration of this Decree Defendants shall satisfy, or shall ensure that its contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing any work involved in implementing this Decree. No later than fifteen (15) days before commencing any work involved

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

50

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

in implementing this Decree, Defendants shall provide to the Trustees certificates of such

insurance and copies of such insurance policies. Defendants shall resubmit such certificates and

copies of policies each year on the anniversary of the Effective Date of this Consent Decree. If

Defendants demonstrate by evidence satisfactory to the Trustees that any contractor or

subcontractor maintains insurance equivalent to that described above, or insurance covering the

same risks but in a lesser amount, then, with respect to that contractor or subcontractor,

Defendants need provide only that portion of the insurance described above that is not

maintained by the contractor or subcontractor.

### XVII. COVENANT NOT TO SUE BY PLAINTIFFS

55.    Except as specifically provided in Section XVIII (Reservations of Rights) below,

Plaintiffs covenant not to sue or to take administrative action against any Defendant pursuant to

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); Chapter 70A.305 RCW; RCW 90.48.367(5);

Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; Section 1002(a) of the Oil

Pollution Act of 1990 (OPA), 33 U.S.C. § 2702(a); or any applicable tribal law, to recover

Covered Natural Resource Damages. This covenant not to sue will take effect upon Defendants'

payment of costs pursuant to Section XI (Past Assessment Costs Reimbursement) and is

conditioned upon the satisfactory performance by Defendants of their obligations under this

Consent Decree. This covenant not to sue extends only to Defendants and does not extend to any

other person except to successors and assigns of Defendants, but only to the extent that liability

is based solely on such person's status as the successor or assign of Defendants.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

51

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

# XVIII. RESERVATIONS OF RIGHTS

56.     Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Section XVII. Notwithstanding any other provision of this Consent Decree, Plaintiffs reserve all rights against Defendants with respect to:

a.     liability for any other costs, including without limitation, costs of response incurred or to be incurred by the United States, the State, or the Tribes under any federal or State statute or tribal law that are not within the definition of Covered Natural Resource Damages;

b.     liability for damages to Natural Resources (including assessment costs) as defined in 42 U.S.C. § 9601(6), (16) that are not within the definition of Covered Natural Resource Damages;

c.     liability for damages to Natural Resources (including assessment costs) as defined in 42 U.S.C. § 9601(6), (16) within the Lower Duwamish River and/or Elliott Bay resulting from new releases of hazardous substances or discharges of oil at or from the facility identified in Appendix A and originating from a Defendant's operations or activities after the Effective Date of this Decree;

d.     liability for damages to Natural Resources (including assessment costs) as defined in 42 U.S.C. § 9601(6), (16) based upon a Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

52

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

hazardous substances at or in connection with the Lower Duwamish River and/or Elliott Bay, after the Effective Date of this Decree;

            e.      liability for injunctive relief or administrative order enforcement under any federal or State statute;

            f.      liability under Section 107(a)(4)(D), 42 U.S.C. § 9607(a)(4)(D), for costs of any health assessment or health effects study carried out under 42 U.S.C. § 9604(i);

            g.      additional claims for Covered Natural Resource Damages if conditions, factors or information in the Lower Duwamish River and/or Elliott Bay, not known to the Trustees as of the Effective Date, are discovered that, together with any other relevant information, indicate that there is a threat to the environment, or injury to, destruction of, or loss of Natural Resources of a type unknown, or of a magnitude significantly greater than was known, as of the Effective Date of this Decree (for purposes of this Subparagraph, information known to the Trustees shall consist of any information in the files of, or otherwise in the possession of, any one of the individual Trustees, or their contractors or consultants who worked on the Trustees' natural resource damages assessment and liability allocation Project);

            h.      criminal liability to the United States or State; and

            i.      liability for failure of Defendants to satisfy the requirements of this Decree.

## XIX. COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY DEFENDANTS

57.     Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, the State, the Suquamish Tribe, and the Muckleshoot Indian

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

53

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Tribe, or their contractors or employees, relating to Covered Natural Resource Damages, including, but not limited to:

a.      any direct or indirect claim for reimbursement of any payment for Covered Natural Resource Damages from the Hazardous Substance Superfund based on CERCLA Sections 107, 111, 112, 113, or any other provision of law;

b.      any claim against the United States, the State, or the Tribes pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Covered Natural Resource Damages; or

c.      any claims arising out of activities related to the Restoration Project, including, without limitation, claims based on the Trustees' approval of the Project, oversight and monitoring of the Project, and/or approval of plans for such activities.

58.      Defendants reserve, and this Decree is without prejudice to, all rights, including defenses and counterclaims, with respect to all matters reserved in Section XVIII (Reservation of Rights); however, Defendants' reservation in this Paragraph is only to the same extent and for the same matters, transactions, or occurrences as are raised in the claims asserted by the Plaintiffs pursuant to Section XVIII.

## XX. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

59.      Nothing in this Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution pursuant to Section 113

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

54

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Lower Duwamish River and/or Elliott Bay against any person not a Party hereto. Nothing in this Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional relief (including response action, response costs, and natural resource damages) and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

60.     The Parties agree, and by entering this Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2), and that each Defendant is entitled, as of the Effective Date of this Decree, to protection from contribution actions or claims as provided by CERCLA Section 1l3(f)(2), 42 U.S.C. § 96l3(f)(2), and RCW 70A.305.040(4)(d), and as may be otherwise provided by law, for Covered Natural Resource Damages; provided, however, that if Plaintiffs exercise their rights under the reservations in Section XVIII, other than in Paragraphs  56(h) (criminal liability) and 56(i) (failure to satisfy a requirement of this Decree), the contribution protection afforded by this Decree will no longer include those matters that are within the scope of the exercised reservation.

61.     Defendants agree to notify the Trustees and the United States in writing no later than sixty (60) days before bringing a suit or claim for contribution for Covered Natural Resource Damages. Defendants also will notify the Trustees of any settlement of its claims (regardless of whether the claim is filed or unfiled) for contribution for Covered Natural

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

55

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Resource Damages. Each Defendant also agrees that it will notify the Trustees and the United States in writing within ten (10) days of service of a complaint or claim upon such Defendant relating to a suit or claim for contribution for Covered Natural Resource Damages. In addition, Defendants will notify the Trustees and the United States within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial for matters related to this Decree.

62.     In any subsequent administrative or judicial proceeding initiated by Plaintiffs for injunctive relief, recovery of response costs, or other appropriate relief other than Covered Natural Resource Damages, Defendants shall not assert, nor may they maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants Not to Sue set forth in Sections XVII and XIX.

## XXI. RETENTION OF RECORDS

63.     Until ten (10) years after Defendants' receipt of the Trustees' notification pursuant to Paragraph 12 (Notice of Approval of Completion of Initial Maintenance and Monitoring Obligations), Defendants shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to its liability or

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

56

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

the liability of any other person under CERCLA with respect to the Lower Duwamish River and/or Elliott Bay. Defendants must also retain, and instruct their respective contractors and agents to preserve, for the same period of time specified above, all non-identical copies of the last draft or final version of any documents or records (including documents or records in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Project, provided, however, that Defendants (and their contractors and agents) must respectively retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents required to be retained. Each of the above record retention requirements shall apply respectively and individually to Defendants, regardless of any corporate retention policy to the contrary.

64.     At the conclusion of this document retention period, Defendants shall notify the Trustees at least ninety (90) days prior to the destruction of any such records or documents, and except as provided in Paragraph 65 (Privileged and Protected Claims), upon written request by the Trustees, Defendants shall deliver any such non-privileged records or documents to the Trustees.

65.     <u>Privileged and Protected Claims</u>. Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendants assert such a privilege, it shall provide Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document,

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

57

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Decree, or any data regarding the LDR and/or Elliott Bay, including, but not limited to, all sampling, analytical, monitoring, scientific, chemical, or engineering data, or the portion of any other record that relates to the Project or conditions within or around the LDR, shall be withheld on the grounds that they are privileged.

66.     Defendants hereby certify that, to the best of their knowledge and belief, after a reasonable inquiry that fully complies with the Federal Rules of Civil Procedure, each of them has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to their potential liability regarding the Lower Duwamish River and/or Elliott Bay since notification of potential liability by any Trustee.

## XXII. NOTICES AND SUBMISSIONS

67.     Whenever notice is required to be given or a document is required to be sent by one Party to another under the terms of this Decree, it will be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, written notice by regular mail, or by electronic mail, as specified constitutes complete satisfaction of any written notice requirement of the Decree for Plaintiffs and Defendants.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

58

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

As to the United States and as to DOJ:

EES Case Management Unit
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Eescdcopy.enrd@usdoj.gov
(DJ #90-11-3-07227/14)

Erika Wells
U.S. Department of Justice
c/o NOAA/Damage Assessment
7600 Sand Point Way, NE
Seattle, WA  98115
Erika.wells@usdoj.gov

As to NOAA:

Joe Edgell
NOAA Office of General Counsel
7600 Sand Point Way N.E.
Seattle, WA 98115
joseph.edgell@noaa.gov

Marla Steinhoff
Regional Resource Coordinator
Office or Response and Restoration
Assessment and Restoration Division
7600 Sand Point Way NE, Bldg. 1,
Seattle, WA 98115-6349
Marla.steinhoff@noaa.gov

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

59

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

1

<u>As to the United States Department of the Interior</u>:

2

Deirdre Donahue

3

U.S. Department of the Interior
Office of the Solicitor

4

601 SW 2nd Avenue, Suite 1950
Portland, OR 97204

5

Deirdre.donahue@sol.doi.gov

6

Jeff Krausmann

7

U.S. Fish & Wildlife Service
510 Desmond Dr. SE, Suite 102

8

Lacey, WA 98503-1263
Jeff_krausmann@fws.gov

9

10

<u>As to the State</u>:

11

John Level
Assistant Attorney General

12

2425 Bristol Court S.W.
P.O. Box 40117

13

Olympia, WA 98504 0117

14

John.level@atg.wa.gov

15

<u>As to the Suquamish Tribe</u>:

16

Kendra Martinez

17

Suquamish Tribe
Office of Tribal Attorney

18

P.O. Box 498
Suquamish, WA 98392-0498

19

kmartinez@Suquamish.nsn.us

20

With a copy to Dave Askman

21

Outside counsel to Suquamish Tribe
dave@askmanlaw.com

22

23

24

25

26

27

28

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

60

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

As to the Muckleshoot Indian Tribe:

Rob Otsea and Trent Crable
Office of the Tribal Attorney
Muckleshoot Indian Tribe
39015 172nd Avenue S.E.
Auburn, WA 98002
Trent.crable@muckleshoot.nsn.us

As to Defendants:

Christopher J. Esbrook
Michael Kozlowski
Esbrook P.C.
321 N. Clark St. Suite 1930
Chicago, Illinois 60654
christopher.esbrook@esbrook.com
michael.kozlowski@esbrook.com

Christopher Bedell
Nucor
1915 Rexford Road
Charlotte, NC 28211
chris.bedell@nucor.com

## XXIII. EFFECTIVE DATE

68.     The effective date of this Consent Decree shall be the date upon which the

approval of this Decree is recorded on the Court's docket.

## XXIV. RETENTION OF JURISDICTION

69.     This Court retains jurisdiction over both the subject matter of this Decree and the

Parties for the duration of the performance of the terms and provisions of this Decree for the

purpose of enabling any of the Parties to apply to the Court at any time for such further order,

direction, and relief as may be necessary or appropriate for the construction or modification of

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

61

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

this Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIII (Dispute Resolution).

## XXV. INTEGRATION/APPENDICES

70.     This Decree and its appendices constitute the final, complete, and exclusive agreement and understanding with respect to the settlement embodied in this Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Decree. The terms "Consent Decree" and "Decree" as used herein include the appendices to this Decree. The following appendices are attached to and incorporated into this Decree:

Appendix A    Legal Description and Map of the facility included within the definition of Covered Natural Resource Damages

Appendix B    Scope of Work for the Project

Appendix C    Conservation Easement for the Project Site

Appendix D    Financial Assurance for Construction of the Project

Appendix E    Financial Assurance for Monitoring and Maintenance of the Project

Appendix F    Financial Assurance for Stewardship of the Project

Appendix G    Financial Assurance for Adaptive Management of the Project

## XXVI. MODIFICATION

71.     No material modifications shall be made to any requirement under this Decree without written notification to and written approval of the United States Department of Justice and the Trustees, Defendants, and the Court. Modifications to this Consent Decree exclusive of

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

62

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

the appendices incorporated within that do not materially alter the terms of this Decree may be made by written agreement between the United States Department of Justice, the Trustees, and Defendants. Modifications to any of the appendices to this Decree that do not materially alter any of the terms of this Decree may be made by written agreement between the Trustees and Defendants.

## XXVII. ENFORCEMENT

72.     The requirements of this Decree, including but not limited to deadlines, schedules and Project designs, are independently enforceable. Any delay or failure of the Trustees to enforce any requirement will not preclude or prejudice the subsequent enforcement of the same or another requirement.

## XXVIII. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

73.     For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 162-21(b)(2)(iii)(A), performance of Paragraph 3; Paragraph 5; Section VII (Restoration Project), Paragraphs 9-16, 18, 20-23, 26 and related Appendix B; Section VIII (Access To Information And Project Site), Paragraphs 27-29; Section IX  (Selection Of Contractors), Paragraph 30; Section XVI  (Indemnification; Insurance), Paragraphs 52-54; and Section XXI (Retention Of Records), Paragraphs 63, 64, and 66; and the payments required by Section X  (Reimbursement Of Restoration Implementation Costs), Paragraph 31, and Section XI  (Past Assessment Cost Reimbursement), Paragraphs 32-33, are restitution or required to come into compliance with law.

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

63

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

## XXIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

74.    This Decree will be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. Plaintiffs each reserve the right to withdraw or withhold their consent if the comments regarding the Decree disclose facts or considerations that indicate this Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Decree without further notice.

75.    If for any reason this Court does not approve this Decree in the form presented, this Decree may be voided at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation among the Parties.

## XXX. SIGNATORIES/SERVICE

76.    The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice and each undersigned representative of the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendants certifies that they are authorized to enter into the terms and conditions of this Decree and to execute and bind legally the Party that they represent to this document.

77.    Defendants agree not to oppose entry of this Decree by this Court or to challenge any provision of this Decree unless any Plaintiff has notified Defendants in writing that it no longer supports entry of the Decree.

78.    Defendants will identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on behalf of each of them with

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)

64

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

respect to all matters relating to this Decree. Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Decree.

## XXXI. FINAL JUDGMENT

79.     Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment between and among the United States, the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED. Dated:  July 15, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                    65                    U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

1  Signature Page for Decree regarding the Lower Duwamish River

2  *U.S., et al., v. General Recycling, LLC, et al.*

3

4  FOR THE UNITED STATES OF AMERICA:

5

6                                  TODD KIM

7                                  Assistant Attorney General
                                   Environment & Natural Resources Division

8                                  U.S. Department of Justice
                                   Washington, D.C.  20530

9

10

11  Date:  2/13/2024          /s Erika M. Wells
                              ERIKA M. WELLS

12                            Senior Counsel
                              Environmental Enforcement Section

13                            Environment & Natural Resources Division
                              U.S. Department of Justice

14                            c/o NOAA Damage Assessment
                              7600 Sand Point Way, NE

15                            Seattle, Washington 98115

16

17  OF COUNSEL:

18  JOSEPH EDGELL
    Attorney Advisor

19  National Oceanic and Atmospheric Administration, Office of General Counsel

20  DEIRDRE DONAHUE

21  U.S. Department of the Interior

22

23

24

25

26  CONSENT DECREE                          66        U. S. DEPARTMENT OF JUSTICE
    (Civ No. 2:24-cv-329-BJR)                         Environment and Natural Resources Division

27                                                    7600 Sand Point Way NE
                                                      Seattle, WA  98115

28                                                    (202) 532-3258

Office of the SolicitorSignature Page for Decree regarding the Lower Duwamish River *U.S., et al., v. General Recycling, LLC, et al.*

FOR DEFENDANTS:

Date:  1/5/2024                      /s Chris D. Trunck
                                     Chris D. Trunck, Officer and Authorized Signatory,
                                     on behalf of General Recycling of Washington,
                                     LLC; Nucor Steel Seattle, Inc.; and the David J.
                                     Joseph Company

CONSENT DECREE
(Civ No. 2:24-cv-329-BJR)                    67              U. S. DEPARTMENT OF JUSTICE
                                                      Environment and Natural Resources Division
                                                                    7600 Sand Point Way NE
                                                                        Seattle, WA  98115
                                                                          (202) 532-3258

Signature Page for Decree regarding the Lower Duwamish River

*U.S., et al., v. General Recycling, LLC, et al.*

FOR THE STATE OF WASHINGTON:

Date:  1/23/2024          /s Barry Rogowski
                          BARRY ROGOWSKI
                          Program Manager
                          Toxic Cleanup Program
                          Department of Ecology
                          Post Office Box 47600
                          Olympia, WA 98504-7600

Date:  1/23/2024          /s John Level
                          JOHN LEVEL
                          Assistant Attorney General
                          State of Washington
                          2425 Bristol Court S.W.
                          P.O. Box 40117
                          Olympia, WA 98504-0117

CONSENT DECREE                        68          U. S. DEPARTMENT OF JUSTICE
(Civ No. 2:24-cv-329-BJR)                          Environment and Natural Resources Division
                                                          7600 Sand Point Way NE
                                                            Seattle, WA  98115
                                                             (202) 532-3258

Signature Page for Decree regarding the Lower Duwamish River

*U.S., et al., v. General Recycling, LLC, et al.*


FOR THE SUQUAMISH TRIBE:


Date:  2/8/2024                    /s Leonard Forsman
                                   LEONARD FORSMAN
                                   Chairman
                                   Suquamish Tribe
                                   Post Office Box 498
                                   Suquamish, Washington 98392

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115
(202) 532-3258

Signature Page for Decree regarding the Lower Duwamish River

*U.S., et al., v. General Recycling, LLC, et al.*

FOR THE MUCKLESHOOT INDIAN TRIBE:

Date:  <u>3/5/2024</u>             <u>/s Jaison Elkins          </u>
                        JAISON ELKINS
                        Chairperson
                        Muckleshoot Indian Tribe
                        39015 172nd Ave. S.E.
                        Auburn, WA 98092-9763

CONSENT DECREE                                    U. S. DEPARTMENT OF JUSTICE
(Civ No. 2:24-cv-329-BJR)          70          Environment and Natural Resources Division
                                                      7600 Sand Point Way NE
                                                      Seattle, WA  98115
                                                      (202) 532-3258